ANTONIO GROSSI, Respondent, *v.* RIALTO SECURITY COR-
PORATION, Appellant.

Argued March 22, 1937; decided April 20, 1937.

*Norman Handel* and *Samuel Gutterman* for appellant. By the later assignment to him, plaintiff acquired only the right, title and interest which the assignor possessed and nothing more. (*Salem Trust Co.* v. *Manufacturers' Finance Co.*, 264 U. S. 182.) The provisions of the factoring agreement expressly permitted the defendant to charge the deficiency on the " Group B " accounts against the surplus on the " Group A." accounts. (*National Nassau Bank* v. *Ludington's Sons, Inc.*, 164 App. Div. 466; *United States Trust Co.* v. *Mendelson*, 209 App. Div. 751; *Matter of Shanaburgh*, 154 Misc. Rep. 559; *Seibert* v. *Dunn*, 216 N. Y. 237.)

*Samuel Sobel, Stanley R. Weinstein* and *Henry Uselaner* for respondent. There were no defenses existing against the assignor in favor of the defendant at the time of the assignment to the plaintiff. The agreement between the original parties was fully performed at that time. (*Merchants Bank of Buffalo* v. *Weill*, 163 N. Y. 486; *Union Trust Co. of Rochester* v. *Allen*, 239 App. Div. 661; *Kommel* v. *Herb-Gner Constr. Co.*, 256 N. Y. 333; *Myers* v. *Davis*, 22 N. Y. 489.)

Finch, J. The facts in this case are agreed upon by stipulation. On May 6, 1931, the defendant, the Rialto Security Corporation, entered into a factoring agreement with the Nugent Shoe Company. Pursuant to this agreement eleven assignments of accounts receivable were made to the defendant prior to August 10, 1931, and the defendant advanced moneys on this collateral in accordance with the factoring agreement. For the purposes of this discussion these assignments will be referred to as Group A. On August 10, 1931, the Nugent Shoe Company executed an assignment of its right, title and interest in the Group A accounts to the plaintiff subject to the prior rights of the defendant and notice of this assignment was given to the defendant. Thereafter the Nugent Shoe Company continued to make assignments of accounts receivable to the defendant until November 14, 1931, and the defendant continued to advance money on such additional collateral. These latter assignments will be designated as Group B.

Ultimately the Group A assignments returned a surplus of $750 over and above all moneys advanced by the defendant in connection with these assignments. The collection of the Group B assignments, however, resulted in a deficit of more than $1,000. The sole question involved on this appeal is whether the defendant may apply the $750 surplus toward the $1,000 deficit.

The plaintiff contends that since the defendant was given notice of the assignment to the plaintiff by the Nugent Shoe Company of its equity in the Group A accounts prior to the transactions involved in Group B, he was entitled to the $750 surplus. The official referee reported in favor of the defendant. Special Term refused to confirm the report of the referee and granted judgment in favor of the plaintiff in the sum of $750. The Appellate Division has affirmed.

The factoring agreement between the defendant and the Nugent Shoe Company contains the following provisions:

" 9. To pay to the Assignor the balance due on the assigned accounts when all of the accounts assigned shall have been collected and when the Factor shall have been reimbursed for all advances and charges on all accounts assigned on business done with the Assignor."

" 29. That the Factor shall have a lien on all moneys, property or collateral of the Assignor, now or hereafter in the Factor's hands or under the Factor's control, for any and all indebtedness which may exist in its favor, under this agreement, and also for any other indebtedness now existing or which may hereafter be contracted under this agreement or otherwise."

" 35. It is understood that any deficiency in the collections of any moneys due under one assignment, may be collected by the Factor, at its option, out of any moneys that may become  due to the Assignor out of any other assignments made by the said Assignor to the said Factor, and the moneys collected on these assignments may be applied to the payment of any deficiency in any other assignment, without notice to the Assignor."

Under these provisions, in the absence of the assignment to the plaintiff, the defendant would have been entitled to apply the surplus resulting from the Group A transactions to the deficit resulting from the Group B transactions.   Does the assignment to the plaintiff, upon notice to the defendant, deprive the latter of this right? The assignment to the plaintiff informed him of the prior rights of the defendant.   Whether or not he had such notice his rights can be no greater than those of· his assignor, the Nugent Shoe Company.   (See *Salem Trust Co.* v. *Manufacturers Finance Co.,* 264 U. S. 182.)

The respondent relies upon the rule that an assignee who has given notice of the assignment may not be prejudiced by any new dealings between the original parties.   (*Myers* v. *Davis,* 22 N. Y. 489.)   This rule applies where subsequent to the assignment the parties engage in new dealings.   The test is whether or not the assignor has completed performance under the contract

at the time of the assignment. (*National Nassau Bank v. Ludington's Sons, Inc.*, 164 App. Div. 466; *United States Trust Co. v. Mendelson*, 209 App. Div. 751; *Seibert v. Dunn*, 216 N. Y. 237.) In the case at bar the factoring agreement was a continuing one and the Nugent Shoe Company had agreed not to apply for advances on accounts from any source other than the defendant. All such advances were to be made by the defendant and the defendant was to have a lien on all accounts assigned which lien would protect not only the particular loan made at the time of the assignment but, also, all prior or subsequent loans.

At the time of the assignment not only had the defend ant not completed collection of the Group A accounts, but it was not certain whether these collections would result in a surplus or a deficit. The contract provided that the factor could make up any deficiency out of all accounts whether assigned before or after the defaulting accounts. The assignment to the plaintiff could not deprive the defendant of this right.

It is true that if the defendant had refused to make any further advances to the shoe company after it had been given notice of the assignment to the plaintiff it would not have suffered a loss. At the time of the assignment, however, it had no means of ascertaining whether the Group A accounts would result in a deficit or a surplus. It had a right to grant additional advances in order to spread its risk. It had a right also to protect itself by granting advances for additional accounts receivable upon which it would have a lien for any indebtedness existing in its favor. It turned out that further protection for the Group A accounts was unnecessary and that the Group B accounts would not have furnished such protection, but this was not determinable at the time of the assignment. The assignment to the plaintiff could not deprive the defendant of its contract right to such added protection for existing assignments or of the right to apply any moneys collected on the assignments to the payment of any deficiency on any

other assignments. Moreover, the defendant had a right to continue with its business of loaning on accounts, and the Nugent Shoe Company had agreed not to borrow from any other source. Following the making of these loans, the defendant had a right under its contract to a lien upon the surplus of any account or group of accounts to make up any deficit.

The judgment of the Appellate Division and that of the Special Term should be reversed and the complaint dismissed, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur.

Judgments reversed, etc.