Birdie Amsterdam, J.
In this suit, tried without a jury, plaintiff in a first cause of action alleges that B & B Jewelry Manufacturing (a partnership, hereinafter referred to as B & B) sold and delivered jewelry to defendant and assigned to plaintiff the accounts receivable arising from said transactions aggregating $17,397.60; that defendant paid to plaintiff the sum of $2,939.96, leaving a balance of $14,457.64 due, for which recovery is sought; and in a second cause of action, alleges conversion, claiming an assignment to plaintiff by B & B of B & B’s interest in the said jewelry, as well as the said accounts receivable.
Defendant has denied the material allegations of the complaint and has set up an affirmative defense, alleging that the transactions between B & B and defendant were on a memorandum or consignment basis and that defendant was to pay for the items it sold and return the remaining items to B & B; that defendant has paid for the items it sold and returned the remaining items to B & B.
The evidence discloses that B" & B were manufacturers of jewelry; that plaintiff supplied B & B with gold and defendant was so informed by E & B; that between August 10 and December 23, 1953, defendant received from B & B deliveries of various items of jewelry accompanied by invoices, which in substance read as follows: “Payable to J. B. Cooper & Son 25 West 47th Street, N. Y. C.” (plaintiff) — “ Sold to Finlay-Straus ” (defendant) — “ Terms ” a date is stated (that of the first invoice is February 15, 1954 and of the last invoice May 23, 1954) — a listing of sundry items and prices — a legend “Above items received and found in good condition” — and under the said legend, on the duplicate invoices, a signature of one of defendant’s employees; that the duplicate invoices were delivered by B & B to plaintiff and the original invoices were retained by defendant; that between March 24, 1954 and September 17, 1954, the sum of $2,939.96 was paid; that no demand for payment was made by plaintiff prior to May, 1955, when this action was commenced.
Plaintiff urges that the invoices, on their face, evidence unqualified and complete sales and that their retention by *384 defendant amounted to an assignment pro ianio to plaintiff; maintains that payments and returns to R & B, if any, constitutes no defense to plaintiff’s rights.
Defendant asserts a prior oral agreement with R & B for deliveries of merchandise on a memorandum or consignment basis; claims payment for sold items and returns of remaining items to R & B; denies notice of assignment by R & B to plaintiff; contends that any assignment by R & B to plaintiff vested plaintiff with no greater rights than those of R & B. The testimony on its behalf discloses that in July, 1953, Leslie Blond, a partner of R & B, on the latter’s behalf, and Bernard Robinson, on defendant’s behalf, agreed that defendant was to receive merchandise from R & B on memorandum or consignment and make payment to whomever R & B would indicate ; that on August 3,1953, Blond gave Robinson two writings, one on R & B’s letterhead which in substance reads as follows: “ Order from Finlay-Straus ” — a listing of sundry items and prices of jewelry — a legend “ On Memorandum ”, and Blond’s signature, the other sworn to by R & B, in substance authorized defendant to receive R & B’s merchandise “ which will be all in perfect condition ” and stated that until further notice payment was to be made directly to J. B. Cooper & Son; that a week later R & B commenced making deliveries of the items enumerated in defendant’s Exhibit A, with accompanying invoices listing said items. Defendant contends that these invoices were pro forma-, that the signatures of its receiving-clerks appearing on the duplicate invoices under the legend ‘ ‘ Above items received and found in good condition ’ ’ acknowledged merely receipt of the goods and their condition; that its said employees had no authority other than to receive goods; that thereafter defendant sold certain items, the prices of which in the pro forma invoices amounted to $1,616.10; that defendant then received from R & B invoices for said specific sold items with a notation “ Payable to J. B. Cooper & Son ”; that defendant paid said sum to plaintiff by defendant’s check drawn to plaintiff’s order; that when other items of the sued-on invoices were sold by defendant, it notified R & B and the latter issued invoices for such items; that none of said invoices directed that they be paid to plaintiff; hence, defendant’s checks in payment therefor were drawn to the order of R & B; that defendant has paid in full for the items it sold, except for items the prices of which amounted to $170, for which it requested invoices of R & B, but which the latter failed to submit.
*385 In rebuttal, plaintiff’s vice-president testified to a telephone conversation with Robinson in July, 1953 (denied by Robinson), in which lie informed Robinson that plaintiff was advancing gold to R & B on security of bills of merchandise to be billed to defendant, which would bear a notation that such were payable to plaintiff; that he requested a letter from defendant and received such letter, stating that defendant was buying the merchandise from R & B and would pay the invoice price to plaintiff (Robinson denies such letter ever existed). This letter was not produced, plaintiff claiming it has been mislaid. Testimony on plaintiff’s behalf also discloses that plaintiff received the duplicate invoices from R & B at about the time that deliveries were made to defendant. Blond, called as a witness on plaintiff’s behalf, denied that the dealings between R & B and defendant were on a memorandum basis.
The issues to be determined are whether the transactions upon which this action is predicated were sales or consignments and whether defendant had notice of an assignment from R & B to plaintiff.
Plaintiff claims that it received a letter from defendant, in which defendant acknowledged it was purchasing merchandise from R & B and would pay plaintiff the invoice price thereof. Such letter, if produced, would be strong evidence of plaintiff’s claim. However, it was not produced. In view of defendant’s categorical denial that such letter ever existed, the circumstance that in plaintiff’s bill of particulars sole reliance as to alleged notice of assignment to defendant, is placed on the delivery of the invoices bearing notation “ Payable to J. B. Cooper & Son, 25 West 47th Street, N. Y. C.”, warrants disbelief as to the letter’s authenticity. Significant, too, is the circumstance that plaintiff never made any inquiry or request for payment to defendant prior to the time of institution of this action, which was 15 months after the “ Terms ” date in the first invoice, 12 months after the “ Terms ” date in the last invoice, 8 months after plaintiff received the last admitted payment from defendant. Noteworthy, too, is the circumstance that plaintiff’s ledger reflects a payment by defendant of $1,616.10 on March 23, 1954, and that although the amount of this check in no way corresponds to any invoice or invoices, that plaintiff relies on, nevertheless plaintiff made no inquiry nor asked for explanation of defendant, as to what this payment was for. If, however, this check was not in payment for items of the sued-on invoices, as plaintiff claims, then it strains credulity that plaintiff would make no inquiry of defendant as to the reason *386 why the invoices allegedly due on February 15, 195$, were not paid. The evidence conclusively established that the said $1,616.10 check was the only check drawn by defendant to plaintiff’s order and that other amounts credited to defendant, as reflected in plaintiff’s ledger, were from checks drawn by defendant to R & B’s order and not to plaintiff’s. The latter checks bear R & B’s indorsement to plaintiff, nevertheless plaintiff made no inquiry nor asked for an explanation of defendant, as to why defendant’s checks were not drawn to plaintiff’s order. Here, too, the amounts of these latter checks in no way correspond to that of any invoice or invoices that plaintiff relies on, yet plaintiff made no inquiry nor asked for an explanation of defendant, as to what these payments were for.
Additionally, at variance with plaintiff’s claim, is the circumstance of the indorsement on invoice No. 747, which Blond signed and which reads as follows: ‘1 All items in this, previous and subsequent orders may be returned if unsold.” Blond’s reference to the invoices as “ orders ” and his reference to “ returns ”, rather than exchanges, justify the inference that the transactions were not sales.
An invoice is defined in Webster’s New International Dictionary as “A written account, or itemized statement of merchandise shipped or sent to a purchaser, consignee, factor, etc., with the quantity, value or prices, and charges annexed.” In Dows v. National Exch. Bank (91 U. S. 618, 630) it was held that ‘1 an invoice is not a bill of sale, nor is it evidence of a sale. It is a mere detailed statement of the nature, quantity, and cost or price of the things invoiced”. Thus an invoice may be as appropriate to a consignment or a memorandum shipment as it is to a sale.
It is argued by plaintiff that the signature of defendant’s employees on the invoices, evidence a transfer of title and absolute debt and that defendant’s claim that it received the goods under an oral agreement of consignment is barred by the parol evidence rule. However, plaintiff has failed to establish proof of defendant’s employees’ authority to bind defendant beyond a mere acknowledgment of receipt of the goods and their condition, hence the parol evidence rule is inapplicable.
I am satisfied that there was a prior agreement between defendant and R&B. Defendant under said prior memorandum agreement with R&B had the right to return to R & B the unsold merchandise and was obligated to pay for the merchandise sold to whom R&B directed. Whatever rights flowed to plaintiff from the notations on the invoices were necessarily *387 subject to the prior equities of the defendant. The law is well settled that an assignee’s rights against an obligor are subject to all equities existing between the assignor and the obligor prior to the notice of assignment. (Grossi v. Rialto Security Corp., 273 N. Y. 403; Matter of Nunez, 226 N. Y. 246; Davis v. Bechstein, 69 N. Y. 440; Thalmann v. Giles, 116 App. Div. 437.)
From the weight of the credible evidence, I find that the transactions between R & B and defendant were not sales, but consignments. I find, further, that plaintiff has failed to sustain its burden of proof that there was due notice to defendant of assignment of the accounts of R & B to plaintiff. I also find that the sold items of the sued-on merchandise were paid for, except for $170, and as for that amount, although requested, R & B failed to submit an invoice to defendant, and that the remainder of the merchandise was returned.
Accordingly, I find and decide in favor of defendant, dismissing the complaint on the merits, and the clerk of the court is directed to enter judgment to this effect. All motions upon which decision was reserved are resolved in accordance with this determination.