In the Matter of the Arbitration between
MARITIME CO. "SPETSAI," S.A.,
Petitioner,

—and—

INTERNATIONAL COMMODITIES EX-
PORT CORPORATION, Respondent.

Civ. No. 71-4922.

United States District Court,
S. D. New York.

Feb. 4, 1972.

Zock, Petrie, Sheneman & Reid, New York City by Philip J. Curtin, New York City, of counsel, for petitioner.

Theodore F. Turner, New York City, by Robert L. Mahar, of counsel, for respondent.

## MEMORANDUM

CROAKE, District Judge.

This is a motion to compel arbitration of a claim for demurrage arising out of performance of a voyage charter party. The relief sought by the present motion, as well as by the petition, is an order appointing an arbitrator for respondent, and directing that the parties proceed to arbitration.

The petitioner, Maritime Co. "Spetsai," S.A. ("Maritime"), is the owner of the S/S SPETSAI which it on one occasion time chartered to Overseas Freight and Terminal Corporation ("Overseas"). The date of that time charter was November 5, 1965, and it was to run for from fifteen to eighteen months, or in other words, until early in 1967.

Overseas in turn voyage chartered, or "sub-chartered," the vessel to respondent International Commodities Export Corporation ("International") by charter dated September 27, 1966, for one voyage. In the course of that voyage, long since completed, a delay of the vessel allegedly resulted in an additional demurrage charge by Overseas against International in the amount of $27,955.55.

Respondent denies liability, and contends that $19,000 was expended by it for Overseas' account, without ever having been reimbursed.

Overseas was in serious financial difficulty either at the time of the two

charters, or shortly thereafter; it is alleged that it eventually caused a "certificate of dissolution" to be filed on November 16, 1967. Whether this is the filing contemplated by the Business Corporation Law § 1111(d), *but see* § 1116 (McKinney's Consol.Laws, c. 4, 1963) is not capable of determination on this record; no copy of the document, or discussion of its terms, has been furnished to the Court.

As a result of these financial problems, both the claim and the counterclaim lay dormant for some time. It is alleged, however, that the resolution of certain disputes between Overseas and Maritime, perhaps involving the premature re-tendering of the vessel back to the owner, resulted in an assignment of Overseas' claim against International to Maritime. The assignment was dated April 30, 1970; despite the existence of the "certificate of dissolution," the ability of the president of Overseas as president, as distinguished from its stockholder(s), to bind the supposedly dissolved assignor corporation has not been challenged. *See* Business Corporation Law § 1114 (McKinney 1963).

In any event, the assignment, which appears to have been drafted with the interests of the assignee in mind, specifically includes the right to collect monies due by any legal means, including arbitration. (Exhibit B to the petition, p. 3.) Notice of the assignment, and demand for payment, were given by petitioner's agent on June 29, 1971; respondent infers that a reason for the delay was concern about a possible charge by third parties that the assignment was a voidable preference in bankruptcy. *See also* Business Corporation Law, § 1114, *supra.*

Respondent now resists arbitration for both legal and equitable reasons. Its legal argument is that the right to arbitrate contained within the voyage charter contract is not assignable, either because it is personal or because petitioner lacks standing to assert it. Its equitable defense is essentially laches. There is no expressed opposition based on the Business Corporation Law.

Whatever the situation may once have been, it is relatively clear today that an agreement to arbitrate such as the one now before this Court is not an unassignable, personal contract. Application of Reconstruction Finance Corp., 106 F.Supp. 358 (S.D.N.Y.1952), aff'd sub nom. Reconstruction Finance Corp. v. Harrisons & Crossfield, 204 F.2d 366 (2d Cir. 1953), cert. denied, 346 U.S. 854, 74 S.Ct. 69, 98 L.Ed. 368 (1953). The assignment cannot be challenged for the lack of assignability of a right to arbitration. Petitioner therefore possesses the standing to bring on the present petition and motion.

This is the case despite the language in the contract which states,

"the Assignee shall have no obligation or liabilities under the Voyage Charter by reason of or arising out of the Assignment, nor shall the Assignee be required or obligated in any manner to perform any obligation of the Assignor under or pursuant to the Voyage Charter. (Ex. B, p. 2.)"

This language is an attempt to prevent a delegation of any duties from being inferred from the assignment, and as such, conflicts with the clause of the assignment, cited above, empowering the assignee to commence and maintain arbitration in the name of the assignor. For any transfer of a right to arbitration must include a delegation of such obligations as could be alleged as counterclaims, defenses, or setoffs in that arbitration. Grossi v. Rialto Security Corp., 273 N.Y. 403, 406–407, 7 N.E.2d 836, 838 (1937). In such a situation, the clause which specifically grants the right of arbitration should prevail over that which in general terms prevents delegation of any duties. Respondent's legal defense must therefore fail.

The equitable defense fares similarly. It has now been authoritatively determined that the question of laches in a situation such as the present is one

for the arbitrators to determine, not the Court. Trafalgar Shipping Co. v. International Milling Co., 401 F.2d 568 (2d Cir. 1968).

The motion must therefore be granted. Submit order on notice.

So ordered.