**SHINTO SHIPPING CO., LTD., Appellee,**

v.

**FIBREX & SHIPPING CO., INC., Appellant.**

No. 77–1356.

United States Court of Appeals, Ninth Circuit.

March 31, 1978.

Clifford B. Alterman, of Kell, Alterman & Runstein, Portland, Or., for appellant.

M. Bayard Crutcher of Bogle & Gates, Seattle, Wash., for appellee.

Before MERRILL, KILKENNY and CHOY, Circuit Judges.

KILKENNY, Circuit Judge:

Appellant appeals from the denial of a request for a temporary restraining order and preliminary injunction to halt arbitration proceedings in progress in Japan. We affirm.

### STATEMENT OF FACTS

Appellant and appellee, Shinto Shipping Co., entered into a Charter Agreement [Agreement] whereby appellee was to provide a ship to appellant. For various reasons appellant refused to accept the vessel. The Agreement provided that any dispute between the parties was to be submitted to arbitration before the Japane Shipping Exchange, Inc. [Arbitrators]. The clause reads as follows:

> "Any dispute arising from this Charter shall be submitted to arbitration held in Tokyo by the Japan Shipping Exchange, Inc. in accordance with the provisions of the Maritime Arbitration Rules of the Japan Shipping Exchange, Inc., and the award given by the arbitrators shall be final and binding on both parties."

Appellee made application for arbitration on December 12, 1975. On December 16, 1975, appellant received notice from the Arbitrators, but the notice was written en-

tirely in Japanese. Appellant almost immediately sought a written translation from the Arbitrators, but before it was received, appellee sued in federal district court pursuant to 9 U.S.C. § 8 to compel arbitration. After a series of delays appellant responded to the call for arbitration. The Arbitrators began consideration of the dispute in early July, 1976. They completed their hearings on November 30, 1977, but have not yet rendered a decision.

While the arbitration was in progress, appellee duly noticed and took depositions during August and September of 1976. Ostensibly, the depositions were taken pursuant to the district court suit to compel arbitration, but as the order from the denial of the temporary restraining order and preliminary injunction notes, both sides were aware that the depositions were also for use in the arbitration proceedings. Several facts are undisputed. For example, the Japanese arbitration proceedings did not allow for mandatory depositions. Further, if, as appellant charges, appellee took the depositions for improper purposes, still, appellant, despite knowing of such purposes, participated in the taking of the depositions and failed to seek a protective order to limit or prohibit discovery.

One day after the last deposition was taken, appellant filed its answer in the appellee's suit to compel arbitration. Appellant alleged that by conducting depositions for improper purposes the appellee waived its right to proceed in arbitration. In addition, the appellant sought to stay the appellee from proceeding to arbitration. On October 18, 1976, appellant filed its motion seeking a preliminary injunction and a temporary restraining order, the denial of which is the subject of this appeal.

## DISCUSSION

Appellant's sole contention is that appellee waived its right to arbitration by taking depositions under the aegis of its suit to compel arbitration. We conclude that no waiver took place.

 Although it is clear that a party can waive its right to arbitration, *Demsey & Associates, Inc. v. Steamship Sea Star*,

461 F.2d 1009 (CA2 1972), and *Cornell & Co. v. Barber & Ross Co.*, 123 U.S.App.D.C. 378, 360 F.2d 512 (1966), nonetheless, waiver is not favored and the facts must be viewed in light of the strong federal policy supporting international arbitration agreements. *Carcich v. Rederi A/B Nordie*, 389 F.2d 692, 696 (CA2 1968). In *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974), the Supreme Court wrote:

> "A parochial refusal by the courts of one country to enforce an international arbitration agreement would not only frustrate these purposes, but would invite unseemly and mutually destructive jockeying by the parties to secure tactical litigation advantages." *Id.* at 516–17, 94 S.Ct. at 2456.

Thus, this court must be convinced not only that the appellee acted inconsistently with that arbitration right, but that the appellant was prejudiced by this action before we can find a waiver. *Erving v. Virginia Squires Basketball Club*, 468 F.2d 1064, 1068 (CA2 1972).

Clearly, the appellant was not prejudiced by the three depositions taken in August and September of 1976. First, the depositions all involved non-parties to the arbitration and litigation. Appellant does not attempt to show how the deponents' testimony would materially affect its case before the Arbitrators. Second, appellant did have competent counsel present at all of the depositions. Third, the deposition expense was insignificant. Two of the three depositions were taken in Portland, Oregon and involved no travel expense for appellant's counsel. The third deposition was taken in Seattle where travel expense could best be described as minimal.

The lack of prejudice becomes even more apparent by examining the appellant's litigation tactics. At no time did the appellant seek any sort of protective order under F.R.Civ.P. 26(c) or 30(d) to limit the known improper discovery. Instead appellant waited until one day after the last deposition had been taken and then filed a full and complete answer arguing that appellee's suit to compel arbitration should be

dismissed because the appellee had waived its right to arbitration by taking the depositions. We suspect the charges in this answer and the theory behind them were in the works long before the final deposition was taken. Appellant should have sought the protective orders rather than scheming to void the entire arbitration process.

In addition to the strong evidence in the record that there was no waiver of the right to arbitration, this court is mindful of the standard of review we must apply when considering a denial of a preliminary injunction. We must uphold the district court's decision unless we find an abuse of discretion. *Meccano, Ltd. v. John Wanamaker,* 253 U.S. 136, 141, 40 S.Ct. 463, 64 L.Ed.2d 822 (1920); *City of Palo Alto v. City and County of San Francisco,* 548 F.2d 1374, 1378 (CA9 1977); *Aguirre v. Chula Vista Sanitary Service,* 542 F.2d 779, 780 (CA9 1976); *Douglas v. Beneficial Finance Co.,* 469 F.2d 453, 454 (CA9 1972). Our review of the record demonstrates that the district court did not abuse its discretion in denying the motion.

The request for a temporary restraining order and a preliminary injunction has not been mooted by the conclusion of the arbitration hearings in Japan. Inasmuch as the Arbitrators have not even made an award in the case before them, the issue before us is not moot. *Tamari v. Conrad,* 552 F.2d 778, 780 n. 2 (CA7 1977).

## CONCLUSION

The order of the district court must be affirmed.

IT IS SO ORDERED.