**In the Matter of the Arbitration Between SOUTH IONIAN SHIPPING CO., LTD., Petitioner,**

**and**

**HUGO NEU & SONS INTERNATIONAL SALES CORPORATION, Respondent.**

**No. 82 Civ. 3969 (KTD).**

United States District Court, S. D. New York.

Aug. 5, 1982.

expresses no opinion as to what effect, if any, they would have on the outcome.

Freehill, Hogan & Mahar, New York City, for petitioner; William L. Juska, Jr., New York City, of counsel.

Burlingham, Underwood & Lord, New York City, for respondent; Herbert M. Lord, Armen R. Vartian, New York City, of counsel.

KEVIN THOMAS DUFFY, District Judge:

Petitioner brings this action to compel arbitration of a claim for demurrage on a load of scrap steel discharged in Pireaus, Greece in 1977. The respondent objects to arbitration on the ground that a final decision with *res judicata* effect was rendered in favor of respondent and against the petitioner on the very issue of demurrage on August 2, 1977 in the Single Judge Court of First Instance of Athens, Greece. That decision provides in pertinent part:

> petitioner is culpable for the delay in discharging its vessel and consequently its claim is denied, as respects payment of compensation for demurrages. (Moreover,) its petition as reviewed, is hereby rejected as being without foundation in substance and the petitioner is (hereby) assessed as convicted for the expenditures for ... [the receiver.]

Affidavit in Opposition to Motion to Compel Arbitration, Exhibit A.

In response the petitioner contends that the judgment quoted above involved only a preliminary proceeding to obtain a security lien and was not a final judgment. Apparently, in order to obtain a lien on its demurrage claim, petitioner would have to initiate a supplemental proceeding in the Greek courts. Furthermore, petitioner argues, because the August 2, 1977 finding would not be binding on any other Greek court, Affidavit of S. Karakitsos, ¶ 8, it should not be so binding in a United States court. If the doctrine of *res judicata* or collateral estoppel barred arbitration, petitioner contends that it would be denied its day in court on the demurrage claim.

Respondent argues that the Affidavit of Mr. Karakitsos disputing the *res judicata* effect of the August 2 decision is nothing more than biased statements of the defeated attorney who represented the petitioner in Greece. Respondent also argues that petitioner's five year lag between the time it proceeded in the Greek courts until it named an arbitrator constitutes waiver of any right to arbitration.

■ The instant petition raises questions of fact which fall squarely within the parties' arbitration agreement. The charter contract between the parties states that "should any dispute arise between Owners and Charterers, the matter in dispute shall be referred to three persons at New York for arbitration." Petitioner's Exhibit A, ¶ 41. The parties now dispute the effect of the petitioner's delay in naming an arbitrator and the ramifications of the August 2, 1977 decision. The equitable defense of laches is properly resolved by an arbitrator especially when a fact finding hearing delving into the reasons for the delay is necessary. *See Maritime Co. "Spetsai", S.A. v. International Commodities Export Corp.*, 348 F.Supp. 258 (S.D.N.Y.1972).

■ Furthermore, respondent is under an obligation to prove Greek law before this court will recognize a foreign judgment.

United States recognition of this Greek decision is permissive, unlike the mandatory doctrines of *res judicata*, collateral estoppel and full, faith and credit, and rests on notions of comity, international due process and adequate subject matter and personal jurisdiction. 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, Section 4473 (1981); *see Mpiliris v. Hellenic Lines, Ltd.*, 323 F.Supp. 865, 873 (S.D.Tex. 1969), *aff'd*, 440 F.2d 1163 (5th Cir. 1971). It is suggested that

> A valid judgment rendered in a foreign nation after a fair trial in a contested proceeding will be recognized in the United States so far as the immediate parties and the underlying cause of action are concerned.

Restatement (Second) of Conflicts § 98 (1971). However, insufficient facts have been presented by respondent to establish that a fair trial took place in Greece with the same parties jurisdictionally present on the same issue petitioner now seeks to arbitrate. These factual questions are properly relegated to an arbitrator in accordance with the parties' agreement.

The unresolved questions of recognition of the Greek judgment and laches are matters which the parties have agreed to arbitrate. The respondent does not contest the arbitrability of the underlying claim. For this court to interfere with that agreement would be contrary to the teachings of this Circuit, *Conticommodity Services v. Philipp & Lion*, 613 F.2d 1222 (2d Cir. 1980), and the Arbitration Act, 9 U.S.C. § 4. Accordingly, petitioner's motion to compel arbitration is granted.

SO ORDERED.