[No. A026706. First Dist., Div. One. Apr. 24, 1986.]

ROBERT C. THORUP, JR., Plaintiff and Respondent, v.
DEAN WITTER REYNOLDS, INC., et al., Defendants and Appellants.

230

COUNSEL

Eric G. Wallis, Jay R. Martin, Peter W. Davis, James C. Martin and Crosby, Heafey, Roach & May for Defendants and Appellants.

Daniel J. Ready, Jr., for Plaintiff and Respondent.

OPINION

**RACANELLI, P. J.**—This is an appeal from the denial of a petition to compel arbitration filed within a wrongful termination action. The appeal raises the question of arbitrability of the employment dispute: specifically, whether the employer waived its right to arbitrate by firing the employee before seeking arbitration.

FACTS

Plaintiff Robert Thorup had been an account executive with Dean Witter Reynolds, Inc. since 1967. In October 1982 Thorup made an error in a customer's account which resulted in a loss of $10,975. (Thorup executed a sell order when the customer had requested a purchase of a quasi-commodities contract.) Dean Witter reimbursed the customer for his loss and then sought repayment from Thorup.

On January 27, 1983, after negotiations had reached an impasse, Dean Witter fired Thorup. Two months later Dean Witter sought arbitration of Thorup's responsibility for reimbursing the $10,975 customer loss.

Thorup's employment contract was a standardized agreement required by the rules of the New York Stock Exchange. It contained the following arbitration clause: "I agree that any controversy between me and any member or member organization or affiliate or subsidiary thereof arising out of my employment *or the termination of my employment* shall be settled by arbitration at the instance of any such party in accordance with the arbitration procedure in the Constitution and rules then obtaining of the New York Stock Exchange." (Italics added.)

Thorup responded to Dean Witter's request for arbitration of the repayment dispute by requesting an extension of time to answer. At the same time Thorup filed the present lawsuit against Dean Witter for wrongful termination. Dean Witter raised as an affirmative defense in its answer that the lawsuit was barred because the issue of plaintiff's wrongful termination was subject to arbitration. Simultaneously, Dean Witter sought a stay of the court proceedings and an order compelling arbitration of the termination dispute.

After considering certain documentary evidence and argument, the trial court denied Dean Witter's petition on the ground that its antecedent election to terminate plaintiff constituted a waiver of its right to arbitrate the termination dispute. This appeal ensued.

## DISCUSSION

Code of Civil Procedure section 1281.2 declares in pertinent part that the trial court "*shall* order [the parties] to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: [¶] (a) The right to compel arbitration has been waived by the petitioner; . . ." (Italics added.)

The only issue presented in this appeal is whether Dean Witter's conduct in terminating plaintiff's employment constituted a waiver of arbitration. "Waiver of a contractual right to arbitration is ordinarily a question of fact and determination of this question, if supported by substantial evi-

dence, is binding on an appellate court. (*Sawday* v. *Vista Irrigation Dist.* (1966) 64 Cal.2d 833, 836 [52 Cal.Rptr. 1, 415 P.2d 816].) Under the general rule this question is left to the trial court where there is substantial evidence to support it. However, in cases where the record before the trial court establishes a lack of waiver as a matter of law, the appellate court may reverse a finding of waiver made by the trial court. (See *Seidman & Seidman* v. *Wolfson* (1975) 50 Cal.App.3d 826 [123 Cal.Rptr. 873].)" (*Doers* v. *Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 185 [151 Cal.Rptr. 837, 588 P.2d 1261].) Dean Witter contends that under the circumstances shown its conduct in terminating Thorup did *not* amount to a waiver as a matter of law. We agree.

■ Section 2 of the Federal Arbitration Act provides in relevant part: "A written provision in . . . a contract evidencing a transaction involving [interstate] commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." (9 U.S.C.A. § 2.) It is indisputable that an employment contract involving an account executive of a brokerage firm is a contract "involving commerce" and is subject to the Act. (*Merrill Lynch, Pierce, Fenner & Smith* v. *Hovey* (8th Cir. 1984) 726 F.2d 1286, 1288; *Stokes* v. *Merrill Lynch, Pierce, Fenner & Smith* (6th Cir. 1975) 523 F.2d 433, 436-437; *Dickstein* v. *DuPont* (1st Cir. 1971) 443 F.2d 783, 785; *Merrill Lynch, Pierce, Fenner & Smith* v. *Shubert* (M.D.Fla. 1983) 577 F.Supp. 406; *Legg, Mason & Company, Inc.* v. *Mackall & Coe, Inc.* (D.D.C. 1972) 351 F.Supp. 1367, 1370-1371.) The United States Supreme Court has recently construed this statute as a substantive rule of arbitrability which applies in state courts. "Section 2 is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. The effect of the section is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." (*Moses H. Cone Hospital* v. *Mercury Constr. Corp.* (1983) 460 U.S. 1, 24 [74 L.Ed.2d 765, 785, 103 S.Ct. 927]; see also *Southland Corp.* v. *Keating* (1984) 465 U.S. 1, 10 [79 L.Ed.2d 1, 11-12, 104 S.Ct. 852].)

Thus, it is now generally agreed that federal law applies to enforceability of arbitration clauses involving security brokers (*Main* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1977) 67 Cal.App.3d 19, 23-25 [136 Cal.Rptr. 378]; *Dickinson* v. *Heinold Securities, Inc.* (7th Cir. 1981) 661 F.2d 638, 643-646; *Garmo* v. *Dean Witter, Reynolds, Inc.* (1984) 101 Wn.2d 585 [681 P.2d 253, 254-255]), and under federal law arbitration is strongly favored: "The Arbitration Act establishes that, as a matter of fed-

eral law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'' (*Moses H. Cone Hospital* v. *Mercury Constr. Corp.*, *supra*, 460 U.S. at pp. 24-25 [74 L.Ed.2d at pp. 785-786]; see also *Doers* v. *Golden Gate Bridge etc. Dist.*, *supra*, 23 Cal.3d at p. 189.)

■ However, the right to arbitrate, like any other contract right, can be waived, either expressly or by implication. (*Reid Burton Const.* v. *Carpenters Dist. Council, etc.* (10th Cir. 1980) 614 F.2d 698, 702, cert. den., 449 U.S. 824 [66 L.Ed.2d 27, 101 S.Ct. 85]; *Shinto Shipping Co.* v. *Fibrex & Shipping Co., Inc.* (9th Cir. 1978) 572 F.2d 1328, 1330.) Whether a right to arbitrate has been waived will depend upon the facts and circumstances of each case. (*Reid Burton Const.* v. *Carpenters Dist. Council, etc.*, *supra*, 614 F.2d at p. 703.) But the particular facts must be viewed in light of the strong policy favoring arbitration. (*Shinto Shipping Co.* v. *Fibrex & Shipping Co., Inc.*, *supra*, 572 F.2d at p. 1330.) Thus, the party claiming waiver has a heavy burden; and a waiver will not be lightly inferred. (*Belke* v. *Merrill Lynch, Pierce, Fenner & Smith* (11th Cir. 1982) 693 F.2d 1023, 1025; *Dickinson* v. *Heinold Securities Inc.*, *supra*, 661 F.2d at p. 643; see *Midwest Window Systems* v. *Amcor Industries* (7th Cir. 1980) 630 F.2d 535, 536.)

■ Waiver is frequently manifested by ''inconsistent behavior.'' Because arbitration is an alternative to litigation, a party who actively participates in a lawsuit and thereby resorts to the courts to resolve the dispute may be found, through such inconsistent behavior, to have relinquished its right to arbitrate. (*Midwest Window Systems* v. *Amcor Industries*, *supra*, 630 F.2d 535 [obtaining judgment as waiver]; *United States, etc.* v. *S. T. C. Const. Co.* (E.D.Pa. 1979) 472 F.Supp. 1023 [lengthy delay following filing of complaint and extensive discovery and trial preparation constituted a waiver]; *Weight Watch. of Quebec Ltd.* v. *Weight W. Int., Inc.* (E.D.N.Y. 1975) 398 F.Supp. 1057, 1059-1060 [two years inaction after complaint was filed and submission of summary judgment motion constituted a waiver of arbitration]; but cf. *Siam Feather, etc.* v. *Midwest Feather Co.* (S.D.Ohio 1980) 503 F.Supp. 239, 240-241, affd. 663 F.2d 1073 [mere filing of notice to take deposition was not a waiver]; *Nuclear Installation, etc.* v. *Nuclear Services* (E.D.Pa. 1979) 468 F.Supp. 1187, 1194 [challenge to personal jurisdiction was not a waiver].)

Because such a waiver is based upon conduct related to the judicial process, the existence of waiver is a question for the courts to decide. (*N&D Fashions, Inc.* v. *DHJ Industries, Inc.* (8th Cir. 1976) 548 F.2d 722, 728.)

But even if a party has initiated the litigation process, the court may not necessarily find a waiver. The court must be satisfied not only that the party seeking arbitration acted inconsistently with the right to arbitrate but also that the objecting party was prejudiced by such action. (*ATSA of California, Inc.* v. *Continental Ins. Co.* (9th Cir. 1983) 702 F.2d 172, 175; *Shinto Shipping Co.* v. *Fibrex & Shipping Co., Inc., supra*, 572 F.2d at p. 1330; *Gavlik Const. Co.* v. *H. F. Campbell Co.* (3d Cir. 1975) 526 F.2d 777, 783-784.)

■   Another form of disabling conduct, sometimes classified as "waiver," is manifested where the party seeking arbitration is guilty of "laches": a prejudicial delay in requesting arbitration. (*N&D Fashions, Inc.* v. *DHJ Industries, Inc., supra*, 548 F.2d at p. 728.) But the question of laches is itself an arbitrable issue. Once the court decides that an arbitration agreement exists which governs the controversy, then the matter must be referred to arbitration. Whether one party is in default under the arbitration agreement by reason of delay in requesting arbitration is solely a question for the arbitrator. (*Id.*, at pp. 728-729; *Trafalgar Shipping Co.* v. *International Milling Co.* (2d Cir. 1968) 401 F.2d 568, 571-572; *South Ionian Shipping* v. *Hugo Neu & Sons Intern.* (S.D.N.Y. 1982) 545 F.Supp. 323; *Mullis* v. *Merrill Lynch, Pierce, Fenner & Smith* (D.Nev. 1980) 492 F.Supp. 1345, 1361, fn. 27.)

■   In the case at bar, Dean Witter's conduct in the litigation was in no way inconsistent with its agreement to arbitrate. In response to plaintiff's lawsuit, Dean Witter timely raised the arbitration issue as an affirmative defense and also moved to stay the proceedings and to compel arbitration. Such actions could not reasonably be construed as evidencing an intent to submit the dispute to the courts.[1] (*N&D Fashions, Inc.* v. *DHJ Industries, Inc., supra*, 548 F.2d at p. 728.)

■   The trial court primarily focused instead on Dean Witter's prelitigation conduct in firing plaintiff.[2] The trial court was apparently persuaded by plaintiff's argument that Dean Witter had treated him unfairly in failing to first seek arbitration of the repayment issue before any attempted termination. Such reasoning is badly flawed.

---

[1] Indeed, the record reflects that Dean Witter had requested arbitration of the repayment issue months before the lawsuit was filed.

[2] The trial court found: "Dean Witter waived its right to arbitrate the termination of Thorup when it elected to terminate him rather than arbitrate the dispute concerning allocation of the loss. It would be inequitable to enforce the arbitration agreements against Thorup under these circumstances."

First, the trial court appears to have concluded that Dean Witter waited too long to request arbitration; that it should have sought arbitration *before* firing plaintiff. Yet, insofar as the trial court's decision rested on a theory of laches, the trial court erred. That decision was for the arbitrator alone.

Second, assuming that the trial court's decision was based upon an implicit determination of Dean Witter's unfair conduct, the ruling is palpably erroneous. Whether Dean Witter wrongfully terminated plaintiff was not the issue for the trial court. That is the core of the controversy: the essence of the dispute which plaintiff seeks to resolve in court and which Dean Witter seeks to arbitrate. The only question before the court was whether the controversy is arbitrable, not whether Dean Witter breached the employment contract.

Moreover, even if Dean Witter's conduct in terminating plaintiff was improper, nevertheless that arguable breach of the contract would not—without more—preclude its right to arbitrate the dispute. (*Southwest Indus. Import & Export* v. *Wilmod Co., Inc.* (5th Cir. 1975) 524 F.2d 468; *Riess* v. *Murchison* (9th Cir. 1967) 384 F.2d 727; *Robert Lawrence Company* v. *Devonshire Fabrics, Inc.* (2d Cir. 1959) 271 F.2d 402; *El Hoss Engineering & Transp. Co.* v. *American Ind. Oil Co.* (S.D.N.Y. 1960) 183 F.Supp. 394, 400, revd. on other grounds, 289 F.2d 346, cert. den., 368 U.S. 837 [7 L.Ed.2d 38, 82 S.Ct. 51].)

*Riess* v. *Murchison, supra,* 384 F.2d 727, is instructive. There the parties had entered into a land sale contract; the buyers breached the contract in failing to pay the full cash price and to construct a reservoir and pipeline. When the sellers filed suit, the buyers sought to enforce the contract's arbitration clause. The Court of Appeal rejected the sellers' argument that the buyers' breach constituted a repudiation of the contract itself so as to foreclose reliance on the arbitration clause.

*Southwest Indus. Import & Export* v. *Wilmod Co., Inc., supra,* 524 F.2d 468, is also factually analogous. There, following a dispute concerning the sale of goods, seller resold the goods to mitigate damages and thereafter engaged in settlement discussions without success. In response to seller's motion to stay judicial proceedings initiated by buyer pending arbitration, buyer argued the seller had waived his right to arbitrate by entering into settlement negotiations and selling the goods to a third party. The court disagreed, finding neither the participation in settlement negotiations nor

the "self-help measure" of resale as conduct constituting a waiver of arbitration.

We think a similar result is compelled here. Dean Witter's act of firing plaintiff was, at most, a breach of an implied covenant prohibiting termination except for cause. That breach, however, did not abrogate the entire contract. The act of terminating plaintiff was not fatally inconsistent with the agreement to arbitrate. As in *Reiss* and *Southwest Industries,* Dean Witter's conduct (firing plaintiff) *created* the controversy subject to the arbitration clause—just as plaintiff's *own* conduct (refusing to repay the customer loss) gave rise to the controversy for which Dean Witter first requested arbitration. Understandably, neither party argues that plaintiff waived *his* right to arbitrate the *repayment* controversy by failing to request arbitration before his refusal to indemnify. By the same token, Dean Witter did not waive its right to arbitrate the *termination* controversy simply because it fired plaintiff before requesting arbitration. The mere fact of a contractual breach in no way impairs the continuing efficacy of the arbitration provision: the very purpose of arbitration is to resolve the controversy created by the alleged breach.

■ Even were we to assume that Dean Witter's conduct is irreconcilable with its right to arbitrate, such conduct would not amount to an effective waiver. The party opposing arbitration must demonstrate actual prejudice. (*Shinto Shipping Co.* v. *Fibrex & Shipping Co., Inc., supra,* 572 F.2d at p. 1330; *Merrill Lynch, Pierce, Fenner & Smith* v. *Lecopulos* (2d Cir. 1977) 553 F.2d 842, 845; *Doers* v. *Golden Gate Bridge etc. Dist., supra,* 23 Cal.3d at p. 188; *Lounge-A-Round* v. *GCM Mills, Inc.* (1980) 109 Cal.App.3d 190, 200 [166 Cal.Rptr. 920].) Here, no such prejudice has been shown. Plaintiff has not been misled; he has at all times been aware of Dean Witter's desire to arbitrate. No significant delay was encountered resulting in the loss of relevant evidence. In point of fact, since the repayment issue is already in arbitration, a similar resolution of the termination issue would appear to be the fairest and most economical procedure.

■ Finally, plaintiff asserts that his resulting loss of employment met the threshold requirement of substantial prejudice. We disagree. "Prejudice" in the present context obviously relates to a diminution or impairment of plaintiff's ability to proceed to arbitration. Yet there is nothing in the record before us to suggest that plaintiff will be unable to obtain the full benefits of the arbitration process.

In summary, we conclude that the underlying dispute between the parties is an issue subject to an enforceable arbitration clause.

The order is reversed and remanded with directions to enter a new and different order granting the petition to compel arbitration consistent with the views expressed herein.

Newsom, J., and Holmdahl, J., concurred.