Filed 6/6/24  Rivers v. Academy of Art University CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| RONALD DAVID RIVERS,<br><br>      Plaintiff and Appellant,<br><br>          v.<br><br>ACADEMY OF ART UNIVERSITY et al.,<br><br>      Defendants and Respondents. | A169415<br><br>(San Francisco City & County Super Ct. No. CGC-21-592393) |

Plaintiff Ronald David Rivers appeals from the trial court's order granting the petition to confirm an arbitration award brought by co-defendants Academy of Art University, Elisa Stephens, Sue Rowley, Reid Raukar, Marguerite Crooks, and Michael Vartain (collectively, University).[1] Because Rivers does not present reasoned legal argument, relevant legal authorities, or proper record citations, he has failed to bear his appellate burden of showing error and waived his ability to argue error even if it could be supported upon proper presentation in this court.  To the extent Rivers has presented a line of argument we can follow—it is quite clear he claims

---

[1] According to Rivers's complaint, Stephens, Rowley, Raukar, and Crooks were employees of the Academy of Art University, and Vartain was its legal counsel.

the University should not have been allowed to cancel his enrollment agreement and then enforce an arbitration clause in the terminated agreement—we disagree. The law is to the contrary when, as here, a cancellation was prospective only. Accordingly, the judgment is affirmed.

## I. BACKGROUND

In June 2021, Rivers, representing himself, sued the University in San Francisco County Superior Court. He alleged four causes of action—for the infliction of emotional distress, denial of his student right to due process, discrimination, and denial of his state constitutional right to an education. They all were based on his allegation that the University wrongly canceled his enrollment as a student at the University after learning he was a registered sex offender. He included in the exhibits to his complaint an "enrollment agreement" that he had entered into with the University, which provides for cancellation of the agreement by the parties and requires arbitration before the American Arbitration Association (AAA) in the event of a dispute between them "arising out of or relating to the terms of this Agreement." He also included a letter from Vartain stating that the Academy of Art University had canceled the agreement on May 19, 2021.

After answering Rivers's complaint and asserting as an affirmative defense that Rivers's exclusive remedy was contractual arbitration, the University petitioned the court to compel arbitration and stay the action based on the arbitration clause in the enrollment agreement. Rivers opposed the petition on the grounds that the University had waived arbitration and was not entitled to it because of its prior cancellation of the enrollment agreement. The court rejected Rivers's arguments, including his contention "that the arbitration provision is void because Defendants cancelled the contract. A breach of contract, without more, is insufficient to preclude a

2

party from seeking arbitration pursuant to an arbitration provision within the contract that was allegedly breached," relying on *Thorup v. Dean Witter Reynolds, Inc.* (1986) 180 Cal.App.3d 228, 236 (*Thorup*). It granted the petition and issued an order compelling arbitration and staying the action.

Rivers did not participate in the subsequent arbitration, which resulted in an award in the University's favor. Instead, he filed in the trial court a motion to advance the case and set a trial date and a motion for summary judgment, which the court denied. He also filed in this court two appeals, one from the trial court's order compelling arbitration and staying the action, which we dismissed because of Rivers's late filing of the notice of appeal, and one from the trial court's denial of his motion to advance the case and set a trial date, which we dismissed as from a non-appealable order.

The University petitioned the superior court to confirm the award and enter judgment in the University's favor. Rivers opposed the petition on the ground that the arbitration was improper because of the University's prior cancellation of the enrollment agreement, resulting in an award that "was obtained through corruption, fraud, or other unfair means[,]" and an award that was "invalid, lacking merit, and obtained unfairly." The trial court granted the University's petition, finding Rivers failed to establish one of the enumerated grounds to vacate or correct the award under Code of Civil Procedure sections 1286.2 and 1286.6 and no basis to revisit its previous ruling that the parties had an enforceable arbitration agreement.

Rivers filed a timely notice of appeal from the court's order, characterizing it as an appeal from a "[j]udgment after an order confirming contrac[t]ual arbitration award."[2]

## II. DISCUSSION

Rivers represents himself in this appeal. A party acting in propria persona is subject to the same rules on appeal as one represented by counsel. (*Cassidy v. California Bd. of Accountancy* (2013) 220 Cal.App.4th 620, 628; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

"On appeal, we presume that a judgment or order of the trial court is correct, ' "[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." ' " (*People v. Giordano* (2007) 42 Cal.4th 644, 666.) Since the appealing party must affirmatively show error, that party must "provide citations to the appellate record directing the court to the evidence supporting each factual assertion." (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684 (*Meridian Financial Services, Inc.*).) Also, " '[a]ppellate briefs must provide argument and legal authority for the positions taken. "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." ' " (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 (*Cahill*).)

In other words, the appellant "has the burden of persuasion; '[o]ne cannot simply say the court erred, and leave it up to the appellate court to figure out why.' " (*People v. JTH Tax, Inc.* (2013) 212 Cal.App.4th 1219, 1237

---

[2] We "may treat a notice of appeal filed after the superior court has announced its intended ruling, but before it has rendered judgment, as filed immediately after entry of judgment." (Cal. Rules of Court, rule 8.104(d)(2).)

(*JTH Tax, Inc.*).) "The reviewing court is not required to develop the parties' arguments or search the record for supporting evidence and may instead treat arguments that are not developed or supported by adequate citations to the record as waived." (*Meridian Financial Services, Inc.*, *supra*, 67 Cal.App.5th at p. 684.)

The gravamen of Rivers's arguments appears to be that the trial court erred in confirming the arbitration award because the University canceled the enrollment agreement before it petitioned for arbitration, thereby terminating the contract, including any contractual requirement that the parties arbitrate disputes between them. Based on this contention, Rivers gives us a litany of reasons to support his argument for reversal. These reasons include the assertion that the University petitioned after refusing to allow Rivers to use the University's appeal process to challenge the cancellation, which "was unfair, unethical, unprofessional, against their own policies, and is deemed illegal"; "that there is substantial evidence indicating an unenforceable contract between the parties"; that the arbitrator failed to recognize "terminating the enrollment agreement and enforcing the subsequent withdrawal from classes was unjustified"; that the court assumed his causes of action originated within the enrollment agreement's "scope" but that each described post-cancellation events; that the University insisted on their own chosen AAA arbitrator despite his objections; that the University's alleged breaches of the enrollment agreement precluded it from pursuing arbitration; that initiating arbitration without a valid contract in place "could be considered improper or fraudulent"; that "[t]his matter hinges on the arbitration agreement's potential unconscionability or invalidity due to its cancellation, rendering it unenforceable"; and that the University took too long to pursue arbitration.

5

For many of these points, Rivers does not tie the legal concepts he invokes to the context in which they are typically applied; and for all of his points, he fails to support his claims of error with relevant legal authority, legal analysis applying that authority to the facts of record, or record citations.[3] Indeed, although he appeals from the trial court's order confirming the arbitration award on the ground that the trial court should have vacated the award under Code of Civil Procedure sections 1286.2 and 1286.6, he fails to even identify which of the grounds enumerated in section 1286.2 he contends applies to his case.

Rivers cites only two authorities for his contention that the University was not entitled to arbitration after it canceled the enrollment agreement. Civil Code section 1699 provides, "The destruction or cancellation of a written contract . . . extinguishes it as *to all the parties consenting to the act*." (Italics added.) Rivers has not so consented here. *Pico Citizens Bank v. Tafco, Inc.* (1962) 201 Cal.App.2d 131 involves whether a manufacturing contract was canceled pursuant to its terms and has nothing to do with arbitration. (*Id.* at pp. 135–137.) We do not see why *Pico* is relevant.

We reject on the merits Rivers's argument that the University's cancellation of his contract relieved him of any obligation to arbitrate. Under *Thorup*, *supra*, 180 Cal.App.3d at p. 236, we see no reason to disagree with the trial court's grant of the University's petition to compel arbitration. In that case, Thorup sued Dean Witter Reynolds, Inc. for wrongful termination, and Dean Witter sought a court order compelling arbitration pursuant to a contractual provision calling for the arbitration of " 'any controversy . . .

---

[3] Rivers on occasion cites to pages of papers he filed below without citing to the appellate record, in contravention of California Rules of Court, rule 8.204(a)(1)(C).

arising out of [Thorup's] employment or the termination of [Thorup's] employment.' " (*Id.* at pp. 232, 231, italics omitted.) The trial court denied Dean Witter's petition, concluding the company had waived its arbitration right by terminating Thorup's employment before seeking the order. (*Id.* at p. 231.)

Division One of this court disagreed, particularly in light of "the strong policy favoring arbitration," which requires that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." (*Thorup, supra*, 180 Cal.App.3d at pp. 233–234.) It concluded Dean Witter did not waive its right to arbitrate the termination dispute "simply because it fired [Thorup] before requesting arbitration. The mere fact of a contractual breach in no way impairs the continuing efficacy of the arbitration provision: the very purpose of arbitration is to resolve the controversy created by the alleged breach." (*Id.* at p. 237.)

We reach the same conclusion here. Rivers's allegations, while not framed as breach of contract claims, are rooted in his allegation that the University wrongly canceled the enrollment agreement. It may well be that the thrust of some of his claims concerns acts by the University after the cancellation, but everything he complains of was a direct consequence of the cancellation. The enrollment agreement contains an arbitration clause that is very broad; it calls for the parties to arbitrate "*any dispute . . . arising out of or relating to* the terms of this Agreement" without limitation. (Italics added.) In the application of such broad language, it is not difficult to foresee disputes arising—as this one did, according to Rivers—where one party seeks to walk away from, or "cancel," the agreement. The language of the arbitration clause also suggests the parties intended it as a stand-alone agreement because it states that Rivers "can decline this agreement to

7

arbitrate by contacting [the University] within 30 days of first accepting the terms of this Agreement and stating that I decline this arbitration agreement."

Although Rivers gives us no law to work with in analyzing the legal effect of a contract's cancellation on the enforceability of an arbitration clause within the contract, the position the University takes in response has a well-established legal foundation. In addition to citing *Thorup*, the University points out that it canceled the enrollment agreement as distinguished from rescinding it. According to the University, the difference is legally significant. (See *Honda v. Reed* (1958) 156 Cal.App.2d 536, 539 (*Honda*) [cancellation of a contract is the prospective termination of an existing contract while rescission means that a prior contract is void ab initio].)

We agree. If the University's action in cancelling was indeed wrongful, Rivers had an available remedy: He could have showed up at the arbitration and presented a claim for damages, specific performance or any other available form of relief. That was his opportunity to present evidence that the University acted not only in violation of the enrollment agreement, but for discriminatory reasons in violation of his constitutional rights or for whatever wrongful reasons he felt he could prove. Having elected not to do so, Rivers fails to show, and we have not found anything indicating, that the University's alleged wrongful cancellation of the contract rendered the arbitration provision unenforceable.

To the extent Rivers advances arguments that are not refuted by the holdings in *Thorup* and *Honda*, he has waived them by failing to supply reasoned argument, citations to authority or appropriate record citations. (*Meridian Financial Services, Inc., supra*, 67 Cal.App.5th at p. 684; *Cahill, supra*, 194 Cal.App.4th at p. 956.)

### III. DISPOSITION

The judgment is affirmed.  Respondents are awarded costs of appeal.

STREETER, Acting P. J.

WE CONCUR:

GOLDMAN, J.
HITE, J.*

---

* Judge of the Superior Court of California, City and County of San Francisco, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9