**MIDWEST WINDOW SYSTEMS, INC.,**
Plaintiff–Appellant,

v.

**AMCOR INDUSTRIES, INC.,**
Defendant–Appellee.

No. 80–1067.

United States Court of Appeals,
Seventh Circuit.

Argued May 29, 1980.

Decided Sept. 19, 1980.

John Dale Stobbs, Alton, Ill., for plaintiff–appellant.

William G. Ohlhausen, St. Louis, Mo., for defendant–appellee.

Before CASTLE, Senior Circuit Judge, and SPRECHER and WOOD, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.[1]

The issue is whether or not a contractual obligation to arbitrate a dispute arising between two parties to a distributorship agreement was waived. We hold that waiver occurred and reverse.

Midwest Window Systems, Inc. (Midwest) is an Illinois corporation engaged in the business of selling and installing window systems. Midwest, pursuant to the distributorship agreement which contained the arbitration agreement, purchased its window products from Amcor Industries, Inc., a Pennsylvania corporation (Amcor). The distributorship agreement provided that any dispute arising concerning the interpretation or application of any of the provisions of the agreement should be submitted to arbitration.

---

1. Judge Castle contributed to the preparation of this opinion.

A dispute arose in 1979 which Midwest alleges was because of defects in Amcor's product, incorrect quantity deliveries, deliveries to wrong locations, incorrect freight charges, and other difficulties with pending orders and accounts. Amcor and Midwest thereafter met and reached agreement. Amcor agreed to complete all pending orders by July 31, 1979. On the basis of that assurance, Midwest alleges it gave Amcor two promissory judgment notes each in the amount of $45,645.36, due respectively on July 31, 1979, the date the deliveries were to be completed by Amcor, and August 31, 1979. Amcor failed to make the deliveries, Midwest alleges, but even so, relying on assurances from Amcor, Midwest proceeded to pay its first note. However, the failure of Amcor to deliver continued, it is claimed, causing Midwest difficulties with its own contracts for installation of Amcor's product. Midwest then advised Amcor that it would make no further payments on the second note until their continuing dispute could be resolved. Also at issue were back charges, credits, and offsets which Midwest claimed against Amcor totaling an amount almost equal to the second note.

Amcor responded on September 11, 1979, by taking judgment in the Western District of Pennsylvania on the first note in part and the second note in full together with interest and attorneys' fees, the latter being in the amount of $13,663.60. The total judgment was $61,875.76.

In its own defense, Midwest promptly did two things. First, on September 21, 1979, Midwest filed a complaint against Amcor in the Southern District of Illinois. The complaint alleged breach of contract for delivery failures, breach of warranties, and fraud in connection with the notes. Thereafter Amcor moved to stay that proceeding and to compel arbitration.

Second, within about three days after filing its own suit in Illinois, Midwest moved in the Pennsylvania court to open the judgment on the notes on the basis of the allegations similar to those contained in its Illinois complaint. That motion was allowed and Midwest filed its answer. The Pennsylvania court transferred the case to the Southern District of Illinois for consolidation with the suit of Midwest against Amcor. On November 30, 1979, the Illinois court allowed Amcor's motion and directed arbitration in the suit filed by Midwest in Illinois. This appeal followed.

■ We recognize a strong federal policy favoring arbitration and that waiver of arbitration is not lightly to be inferred. Amcor, however, disregarding the waiver provision, initially endeavored to secure an advantage over Midwest by taking judgment on the notes in Pennsylvania. After the strong counterattack by Midwest, Amcor, however, moved successfully for arbitration in the Illinois suit filed by Midwest against it.[2]

Amcor recognizes that arbitration is waivable, *Burton–Dixie Corp. v. Timothy McCarthy Construction Co., Inc.*, 436 F.2d 405 (5th Cir. 1971), but argues that the proceeding it filed in Pennsylvania to reduce the notes to judgment did not actually submit to the court the outstanding disputes between the parties. Confessing judgment on a note, it explains, is only a summary proceeding without judicial determination and therefore does not constitute a waiver of its right of arbitration. Up to that point, Amcor is correct, but a confession proceeding commonly triggers a full hearing on the underlying merits so that a full judicial determination is necessary and unavoidable. Amcor further attempts to minimize its original avoidance of arbitration by arguing that it "simply attempted to enforce a confession of judgment in an amount on which the parties had agreed." It was not that simple and possibly not that innocent. The so–called "agreed" amount is contested and an allegation of fraud has been raised as to the notes and their use. As a result of the Illinois arbitration order we now have two pending lawsuits with an arbitration proceeding added, all growing out of the same set of circumstances.

2. No innocent third–party holder of the notes is involved.

Long ago in this circuit, we held that "[c]ommencement of a suit in court rather than reliance upon arbitration, with answer by the opposing party upon the merits, was a waiver of the right to arbitrate by both parties." *Galion Iron Works & Mfg. Co. v. J. D. Adams Mfg. Co.*, 128 F.2d 411, 413 (7th Cir. 1942). This court explained that the plaintiff originally could have sought arbitration, but had exercised its option to bring suit thereby abandoning its right to arbitration.

Amcor attempts to distinguish *Galion* on the basis that in *Galion* the party who later sought arbitration had submitted its claim to a court, whereas Amcor has "simply attempted to enforce a confession of judgment in an amount on which the parties had agreed." That is a shallow distinction we consider to be irrelevant.

There is more merit to Amcor's argument that in view of the liberal rule favoring arbitration the question of a possible waiver should not rest mechanically on some act such as the filing of a complaint or answer but must find a basis in prejudice to the objecting party. *Batson Yarn and Fabrics Machinery Group, Inc. v. Saurer–Allma GmbH–Allgauer Maschinenbau*, 311 F.Supp. 68, 73 (D.S.C.1970). *See Carcich v. Rederi A/B Nordie*, 389 F.2d 692, 696 (2d Cir. 1968).

█ Although we do not repudiate *Galion*, we see no need to rigidly or mechanically apply it. The waiver of the right to arbitration cannot be determined by the application of some inflexible rule. All of the circumstances, of which prejudice should be one, must be considered in the context of the particular case. Prejudice may be found, for instance, in delay or by reason of extensive discovery. *Gavlik Construction Co. v. H. F. Campbell Co.*, 526 F.2d 777, 783 (3d Cir. 1975). In the present case, it was Amcor which initially avoided arbitration and secured judgment in full by resorting to legal action. In any event in this case, Amcor's choice to litigate rather than arbitrate resulting in judgment is sufficient to constitute waiver. Amcor acted "inconsistently" with the arbitration right and Amcor "was prejudiced by this action." *Shinto Shipping Co. v. Fibrex & Shipping Co., Inc.*, 572 F.2d 1328, 1330 (9th Cir. 1978). The judgment while it existed was prejudice enough to Midwest. The controversy had proceeded too far to back up for arbitration. From the brief docket entry by the Illinois court directing arbitration, we cannot determine what considerations motivated the trial court.

Plaintiff did not as a condition precedent to arbitration offer to waive its judgment on the notes or to reimburse Midwest for its expenses occasioned up to that point by Amcor's decision to sue rather than arbitrate.

█ The docket entry of the Illinois court, although brief, appears to be broad enough to direct arbitration of the fraud allegations contained in Midwest's complaint concerning the notes. Those fraud allegations are not arbitrable. They are not encompassed within the contract provision providing for arbitration of a dispute "concerning the interpretation or application of any of the provisions" of the original agreement between the parties. The notes are outside that arbitration agreement. The defendant at the very least has the right to the jury trial it sought on that issue.

These two cases have gone too far with too much prejudice to the defendant to shift part of the responsibility for resolution elsewhere. Basically only one controversy exists between the parties. It is all part of or grows out of their unsatisfactory business relationship. Amcor, after a change of heart at such a late date, should not be permitted to bifurcate the controversy and complicate it by partially changing the arena and the rules. These two cases should be consolidated and tried by the district court. To have provided otherwise in these particular circumstances we consider to have been an abuse of discretion. We, therefore, reverse and remand for further proceedings consistent with this opinion.