**STONE DISTRIBUTION COMPANY, formerly doing business as Stone Lumber Company, an Illinois corporation, Plaintiff,**

v.

**Benjamin MEYERS, Defendant.**

No. 93 C 7588.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 11, 1994.

Aaron Edward Hoffman and David Kaplansky, Schwartz & Freeman, Chicago, IL, for plaintiff.

Mitchell Alan Orpett and John W. Carver, Tribler & Orpett, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

Before the Court is Defendant Benjamin Meyers' ("Defendant") Motion to Dismiss Plaintiff Stone Distribution Company's ("Plaintiff") Complaint and Defendant's Motion to Stay the Proceeding Pending Arbitration.

Plaintiff's Complaint states two claims. In Count I, Plaintiff brings an action for enforcement of the Personal Guarantee pursuant to which Defendant is obligated to pay the overdue debts of Meyers Wood Products Company. Defendant is both the president and principal shareholder of Meyers Wood

Products Company, a company which engages in the purchase and sale of lumber. (Complaint at 1.)

Plaintiff alleges that, pursuant to the terms of the Independent Representative Commission Agreement, Meyers Wood Products remains obligated to Plaintiff for a $40,000 refund for over-payment of commissions and for two accounts receivable from Golden State Millwork and Conroe Creosoting Company. *Id.* at 3. According to Plaintiff, it has made demands upon Meyers Wood Products for the amounts due, and Meyers Wood Products has allegedly failed or refused to pay. *Id.* at 4. As Defendant personally guaranteed all obligations of Meyers Wood Products to Plaintiff, Plaintiff brings an action against Defendant for payment of Meyers Wood Products' debts.

Count II states a claim for conversion. Plaintiff alleges that Defendant received a payment of $1,050 from Crowley Construction Company which was actually due Plaintiff. *Id.* Although Defendant allegedly promised to write Plaintiff a check for $1,050, he has failed to do so. *Id.*

Defendant seeks to stay the present action pending arbitration between Plaintiff and Meyers Wood Products regarding Meyers Wood Products' obligations under the Independent Representative Commission Agreement. Defendant notes that the Independent Representative Commission Agreement provides that the parties to the Agreement shall submit "all disputes arising out of this Agreement to binding arbitration before the American Arbitration Association[.]" (Complaint, Exhibit B ¶ 7.) Thus, according to

Defendant, Plaintiff's initiation of the present litigation against Defendant is an attempt to evade its agreement to resolve disputes, arising out of the Independent Representative Commission Agreement, by arbitration.

Plaintiff replies that staying the present action pending arbitration between Plaintiff and Meyers Wood Products Company is counter to the language of the Personal Guarantee. The Personal Guarantee states in relevant part:

> For value received, the Undersigned does hereby personally guarantee all obligations of Meyers Wood Products Co., which may now, or in the future, be due to Stone Distribution Co., under the terms of a written independent trading agreement dated 4/10/92. The Undersigned agrees to pay, on demand, any obligations of Meyers Wood Products Co. which the corporation has not paid when otherwise due. The Undersigned is not required to exhaust its remedies against Meyers Wood Products Co. as a pre-condition to the enforcement of this guarantee.

(Complaint, Exhibit A.)[1] Plaintiff asserts that the language of the Personal Guarantee clearly indicates that Plaintiff does not have to exhaust its remedies against Meyers Wood Products before bringing an action against Defendant to enforce Plaintiff's rights under the Personal Guarantee.

■ *Morrie & Shirlee Mages Foundation v. Thrifty Corp.*, 916 F.2d 402 (7th Cir.1990) persuades the Court that it should stay the present action, pursuant to the Federal Arbitration Act, 9 U.S.C. § 3. Section 3 of the

1. The Personal Guarantee states, "the Undersigned is not required to exhaust its remedies against Meyers Wood Products as a precondition to the enforcement of this guarantee." (Complaint, Exhibit A.) The Court notes that the only party who signed the Personal Guarantee was Defendant, Benjamin Meyers. Throughout the Personal Guarantee, Defendant Benjamin Meyers is referred to as the "Undersigned" and Plaintiff Stone Distribution Company is referred to by name.

Although the language of the Personal Guarantee indicates that Defendant Benjamin Meyers, as "the Undersigned," did not have to exhaust its remedies against Meyers Wood Products, both Plaintiff and Defendant assume that it is Plaintiff Stone Distribution Co. who did not have to exhaust its remedies against Meyers Wood Products.

The parties do not state that the reference to "the Undersigned" in the above quoted sentence is a typographical error. However, the parties' assumption that it is Plaintiff Stone Distribution Co. who does not have to exhaust its remedies against Meyers Wood Products is consistent with the remainder of the sentence which indicates that Plaintiff does not have to exhaust its remedies against Meyers Wood Products as a precondition to the enforcement of the Guarantee. As Plaintiff, not Defendant, has rights which it can enforce under the Personal Guarantee, the logical assumption is that Plaintiff, not Defendant, is not required to exhaust its remedies against Meyers Wood Products before enforcing those rights.

Federal Arbitration Act directs a court to stay a cause of action, upon application of one of the parties, where it finds that an issue involved in such action is referable to arbitration. 9 U.S.C. § 3.

In *Morrie & Shirlee Mages,* as in the present case, the Purchase Agreement, which gave rise to the lawsuit, included an arbitration clause which required the parties to the Agreement to submit to arbitration any controversy or claim arising out of or relating to the Agreement. 916 F.2d at 403. In addition to the Purchase Agreement, the buyer's parent corporation provided a Guaranty which insured that, in the event of an uncured default by the buyer, the parent corporation would pay the buyer's entire obligation plus interest. *Id.* The relevant portion of the Guaranty reads,

> The liability of Guarantor hereunder is present, absolute, unconditional, continuing, primary, direct and independent of the obligations of Buyer. Sellers shall not be required to pursue any other remedies before invoking the benefits of the guarantee.... [Guarantor] hereby waives any right to require sellers to (i) proceed against the Buyer; (ii) proceed against, exhaust or participate in any security held by Sellers for the payment of the Guaranteed indebtedness, or (iii) pursue any other remedy that Sellers have or to which they may be entitled.

*Mages v. Thrifty,* 1989 WL 65165 *1 (N.D.Ill. June 5, 1989). Unlike the Purchase Agreement, the Guaranty did not contain an arbitration clause.

The district court, in *Mages v. Thrifty,* denied the defendant's motion to stay the suit pending arbitration. *Id.* *3–4. The district court found that contrary to the guarantor's assertion, the court did not need to determine the buyer's liability prior to determining the guarantor's liability. *Id.* at *4. The district court held that the guarantor's liability, according to the terms of the Guaranty, became absolute once the buyer defaulted. *Id.* Thus, as the district court found that the buyer had defaulted and the guarantor's liability was absolute, the district court concluded that there was no need to stay the litigation pending arbitration. *Id.*

The Seventh Circuit reversed the district court's holding in *Mages v. Thrifty* and held that the parent corporation was entitled to a stay of the court proceedings. *Morrie & Shirlee Mages Foundation,* 916 F.2d at 406. The Seventh Circuit stated, "if the federal action concerns an issue referable to arbitration under the terms of the arbitration agreement, the district court must stay the trial until the arbitration has concluded." *Id.* Contrary to the finding of the district court, the Seventh Circuit found that the seller's action against the guarantor required a showing of liability against the buyer as a predicate to recovery against the guarantor and the issue of the buyer's liability was one which was committed to arbitration. *Id.* Consequently, by deciding that the buyer had defaulted, the district court erroneously decided an issue which the parties had agreed to submit to arbitration.

As in *Morrie & Shirlee Mages,* the Plaintiff's case against the Defendant on the Personal Guarantee is dependent on a showing of Meyers Wood Products' liability under the Independent Representative Commission Agreement—an issue which the parties agreed to submit to arbitration. (Complaint, Exhibit B at ¶ 7.) Accordingly, because there are issues in this litigation which are the subject of an arbitration agreement, Section 3 of the Federal Arbitration Act requires the Court to stay the present action pending arbitration.

However, the present case does differ from *Morrie & Shirlee Mages* in one notable respect. In *Morrie and Shirlee Mages,* one of the parties to the Agreement demanded arbitration within thirty days of the filing of the lawsuit, and thus when the Seventh Circuit granted the motion to stay, there was an arbitration proceeding already pending. On the other hand, the parties in the present case have informed the Court that if the Court grants the Defendant's Motion to Stay the Proceedings Pending Arbitration, neither party plans at this time to initiate arbitration.

This bizarre twist is caused by the language of the arbitration clause in the Independent Representative Commission Agree-

ment. According to the parties, the language of the arbitration clause requires the party initiating the arbitration to initiate such proceedings in the non-initiating party's state. Plaintiff apparently does not want to initiate arbitration because it would have to proceed in Meyers Wood Products' home state of Oregon. Meyers Wood Products does not want to initiate arbitration because it would have to proceed in the Plaintiff's home state of Illinois.

However, granting the Defendant's Motion to Stay the Proceeding Pending Arbitration may cause the Plaintiff to initiate arbitration because without determining the liability of Meyers Wood Products—an issue committed to arbitration—the Plaintiff cannot collect from the Defendant on the Personal Guarantee. This result appears to be consistent with paragraph 7 of the Independent Representative Commission Agreement which states,

> Stone and Representative shall submit all disputes arising out of this Agreement to binding arbitration before the American Arbitration Association. Any arbitration award shall be enforceable in the courts of the States wherein the party against whom enforcement is sought resides. Per agreement, Plaintiff shall file for arbitration.[2]

■ Plaintiff asserts that forcing it to initiate an arbitration proceeding in Oregon against Meyers Wood Products is a fruitless act because Meyers Wood Products, which has little or no net worth, will not be able to satisfy an arbitral award. Thus, Plaintiff argues that after it obtains the arbitral award, it will simply have to return to Illinois to proceed on the Personal Guarantee in order to collect the money it is owed.

■ While the Defendant's Motion to Stay which effectively forces the Plaintiff to arbitrate in Oregon, before proceeding with the instant action, might not be economical (although arbitration of the amount due may indeed be less expensive than federal litigation), this Court cannot transform the parties' agreement into a more cost-efficient

contract after the fact. Because this Court cannot rewrite the parties' arbitration clause, absent an agreement among the parties authorizing the Court to do so, this Court's only option is to grant the Defendant's Motion to Stay the Proceedings Pending Arbitration effectively compelling Plaintiff to initiate arbitration in Oregon, to determine the liability of Meyers Wood Products, before proceeding with the instant action on the Personal Guarantee.

■ Contrary to Plaintiff's suggestion, the fact that Defendant was not a party to the Independent Representative Commission Agreement which contains the arbitration clause does not prevent Defendant from requesting this Court to stay the present action. *See, Morrie & Shirlee Mages,* 916 F.2d at 407 (holding that one who is a party to litigation involving issues subject to an arbitration agreement, is entitled to a stay under section 3 of the FAA regardless of its status as a party to the arbitration agreement.)

■ Additionally, the Court rejects Plaintiff's contention that Defendant has waived his right to seek arbitration. Although arbitration is a waivable contract right, "waiver of arbitration is not to be lightly inferred." *Id.* at 405 (citing *Midwest Window Systems, Inc. v. Amcor Indus., Inc.,* 630 F.2d 535, 536 (7th Cir.1980). "There is no rigid rule as to what constitutes a waiver of an arbitration agreement; the crucial question is whether, under the circumstances of the particular case, the defaulting party acted ' "inconsistently" with the arbitration right.' " *Id.* (citing *Midwest Window Systems,* 630 F.2d at 537 (citing *Shinto Shipping Co. v. Fibrex & Shipping Co.,* 572 F.2d 1328, 1330 (9th Cir.1978))). Prejudice to the objecting party is one relevant factor which a court should consider in deciding whether a party has waived its right to arbitrate. *Mary's Medical Center v. Disco Alum. Products,* 969 F.2d 585, 589 (7th Cir.1992).

■ The Court concludes that Defendant has not waived his right to compel arbitration. No discovery has taken place and nei-

---

**2.** The Court notes that the last sentence in the above quoted paragraph is a hand-written addition at the bottom of the page on which paragraph 7 appears. Due to poor copying, a portion of the hand written addition may not be visible.

ther party has filed a motion for summary judgement or a motion to dismiss the Complaint on the merits. Consequently, the Court concludes that Plaintiff was not prejudiced merely because Defendant sought to compel arbitration after the commencement of judicial proceedings. *See, Morrie & Shirlee Mages,* 916 F.2d at 405.

■ As the present action will be stayed pending arbitration between Meyers Wood Products and Plaintiff and as the arbitration proceeding will fully address Meyers Wood Products' rights and obligations under the Independent Representative Commission Agreement, Meyers Wood Products' rights will not be prejudiced if it is not joined as a party to this action. Accordingly, Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join a necessary party under Federal Rule of Civil Procedure 19 is denied. Fed.R.Civ.P. 12(b)(7).

For the foregoing reasons, this Court grants Defendant's Motion to Stay the Litigation Pending Arbitration between Meyers Wood Products and Plaintiff. Defendant's Motion to Dismiss Plaintiff's Complaint for failure to join a necessary party is denied.