

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-2-2006

# In Re: NBR Antitrust

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4535

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: NBR Antitrust " (2006). *2006 Decisions.* Paper 249.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/249

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4535

IN RE: NBR ANTITRUST LITIGATION

v.

CROMPTON CORPORATION; UNIROYAL CHEMICAL COMPANY, INC.,

Appellants

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 03-cv-01898)
District Judge: Honorable David S. Cercone.

Argued on September 26, 2006

Before: RENDELL, CHAGARES and ROTH, Circuit Judges.

(Opinion Filed :  November 2, 2006)

Debra H. Dermody, Esquire
Reed Smith, LLP
435 Sixth Avenue
Pittsburgh, PA 15219

Ian Simmons, Esquire (ARGUED)
William R. Nifong, Esquire
Nilam Sanghvi, Esquire
Jonathan R. Mitchell, Esquire
O'Melveny & Myers, LLP
1625 Eye Street, NW
Washington, DC 20006

        Counsel for Appellants  Crompton Corporation; Uniroyal Chemical
        Company, Inc.

Bruce S. Kaplan, Esquire (ARGUED)
Robert S. Loigman, Esquire
Anne E. Beaumont, Esquire
John N. Orsini, Esquire
Friedman, Kaplan, Seiler & Adelman, LLP
1633 Broadway
New York, NY 10019

Samuel H. Foreman, Esquire
Weber Gallagher Simpson Stapleton Fires & Newby, LLP
2 Gateway Center, Suite 1450
603 Stanwix Street
Pittsburgh, PA 15222

        Counsel for Appellees Paratec Elastomers and DESC S A DE C V

---

OPINION OF THE COURT

---

**ROTH**, <u>Circuit Judge</u>:

The parties to this appeal are co-defendants in an antitrust suit.  Appellee ParaTec

2

brought three cross-claims against appellant Crompton Corporation. Crompton filed a motion to compel arbitration of the cross-claims. The District Court denied the motion and Crompton appealed. For the reasons stated below, we will reverse the order, denying arbitration.

## I. Background

Uniroyal Chemical Company, Inc., and GIRSA S.A. de C.V. are companies that manufacture a synthetic acrylonitrile butadiene rubber (NBR). In September 1998, Uniroyal and GIRSA entered into a written Joint Venture Agreement (JVA) to produce and distribute NBR internationally. Under the JVA, Uniroyal and GIRSA agreed to organize a Delaware limited liability company, ParaTec Elastomers L.L.C., to market NBR products. Later that September, Uniroyal and GIRSA fulfilled their obligation under the JVA to organize ParaTec subject to a Limited Liability Agreement (LLC Agreement). The provisions of ParaTec's relationship with Uniroyal – and with Uniroyal's successor, Crompton Corporation – are contained in four separate agreements (collectively the Related Agreements).[1] This joint venture continued until December 2001, when Crompton transferred its interest in ParaTec to GIRSA. Crompton retained certain duties to ParaTec, including indemnification and

[1]The Related Agreements consist of (1) the Sales Services Agreement between Uniroyal and ParaTec, dated September 18, 1998; (2) the Corporate Services Agreement between Uniroyal and ParaTec, dated September 18, 1998; (3) the Share Purchase Agreement between Crompton and GIRSA, effective December 1, 2001; and (4) the Transition Services Agreement between Crompton and ParaTec, effective December 1, 2001. ParaTec was a party to all but one of these agreements. Although it was not a party to the Share Purchase Agreement, the agreement nonetheless affected the relationship between Crompton and ParaTec.

provision of services during a transitional period.

In this litigation, a class of plaintiffs has alleged that its members were injured because manufacturers of NBR conspired to fix prices in violation of federal antitrust laws; Uniroyal, Crompton, and ParaTec all are co-defendants.[2] ParaTec filed a cross-claim against Uniroyal and Crompton, seeking, in part, full indemnification and awards of costs, attorneys' fees and punitive damages. ParaTec alleges that, to the extent it engaged in improper conduct, Uniroyal and Crompton are responsible because they directed and controlled ParaTec through arrangements set forth in the LLC Agreement and the Related Agreements. ParaTec contends that Uniroyal and Crompton are (1) responsible for indemnifying ParaTec under the LLC Agreement, (2) in breach of their fiduciary duties to ParaTec, and (3) in breach of the covenant of good faith and fair dealing.[3]

In response to ParaTec's cross-claim, Crompton and Uniroyal filed a Motion to Dismiss or Compel Arbitration in which they argued, *inter alia*, that the three claims at issue are subject to arbitration agreements because the LLC Agreement incorporates an arbitration clause found in the JVA and because the allegations underlying ParaTec's cross-claims either touch on or arise directly from matters covered by arbitration provisions contained in the Related Agreements. The Magistrate Judge issued a Report and Recommendation denying the motion to compel arbitration for the three claims at issue on this appeal, and the District

---

[2]Many, if not all, of the underlying antitrust claims – including those against ParaTec – have settled.

[3]ParaTec brought four other causes of action on somewhat different underlying theories. Those causes of action are not at issue on this appeal.

Court issued an order summarily adopting this recommendation. Uniroyal and Crompton appealed.

## II. Jurisdiction and Standard of Review

The District Court exercised federal question jurisdiction over the underlying antitrust action pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the three cross-claims at issue pursuant to 28 U.S.C. § 1367. We have jurisdiction over Uniroyal and Crompton's appeal of the District Court's denial of their motion to compel arbitration pursuant to 9 U.S.C. § 16(a).

The construction of a contract is a legal question over which we exercise plenary review. Medtronic AVE, Inc. v. Advanced Cardiovascular Systems, Inc., 247 F.3d 44, 53 n.2 (3d Cir. 2001). To the extent, however, that the District Court interpreted contractual language, we review its determinations under a clearly erroneous standard. Id.

## III. Discussion

### A. Claim 1: Indemnification

ParaTec seeks indemnification by Uniroyal and Crompton on the basis of § 7.5 of the LLC Agreement, which provides that Uniroyal and Crompton "shall indemnify, defend, and hold harmless [ParaTec] . . . from and against any loss, damage, or claim . . . incurred in connection with any claim, action, suit or proceeding or threat thereof, made or instituted in which . . . [ParaTec] . . . may be a party . . . by reason of a material breach of [Uniroyal or

Crompton's] representations or covenants under this Agreement or otherwise."[4] In its cross-claim, ParaTec contends that it is entitled to indemnification under § 7.5 because Uniroyal and Crompton materially breached their representations and covenants under the LLC Agreement and each of the four Related Agreements, thereby causing ParaTec to incur losses in connection with the underlying antitrust litigation.

Although no arbitration provisions can be found within the four corners of the LLC Agreement, Uniroyal and Crompton argue that ParaTec's claim for indemnification is arbitrable under two theories. First, they assert that any dispute under the LLC Agreement must be arbitrated because the LLC Agreement is "subject to" the terms of the JVA,

---

[4]Section 7.5 provides in full:

> *Each Member*, to the fullest extent permitted by law, *shall indemnify, defend, and hold harmless the company,* each Manager appointed by such Member, (including those who have been, but no longer are, such Managers) and each other Member (including those who have been, but no longer are, Members) (each a "Covered Member Person") *from and against any loss, damage, or claim* incurred by such Covered Member Person, including reasonable attorneys' fees, disbursements and reasonable settlement payments, *incurred in connection with any claim, action, suit or proceeding or threat thereof, made or instituted* in which (i) the Manager appointed by such Member may be involved or be made a party by reason of such Manager's association with the Company or by reason of any act or omission performed or omitted by such Manager acting in good faith on behalf of the Member of the Company and in a manner reasonable believed to be within the scope of authority conferred on such Manager by such Member or the company, except that no Manager shall be entitled to be indemnified in respect of any loss, damage or claim incurred by such Manager by reason of gross negligence, bad faith, or willful misconduct with respect to such act or omissions, or *(ii) in which the Company* or the other Member *may be a party,* or made by the Company or the other Member *by reason of a material breach of such Member's representations or covenants under this Agreement or otherwise.*

(emphasis added).

6

including its arbitration clause. Second, they contend that, even if claims brought solely under the LLC Agreement need not be arbitrated, ParaTec's claim for indemnification nevertheless must be arbitrated because it is subject to the arbitration provisions of the Related Agreements. We need not determine whether the LLC Agreement incorporates the arbitration provisions of the JVA because we conclude that ParaTec's claim for indemnification must be arbitrated based on provisions contained in the Related Agreements.[5]

Section 7.5 of the LLC Agreement provides ParaTec with a right to indemnification, but it is silent as to the means by which that right may be enforced. ParaTec argues that the structure of the agreements suggests that the parties intended that their direct disputes would be subject to arbitration but that claims of indemnification, which relate to underlying third-party claims, would be triable in court. ParaTec asserts that its reading is the natural way to make sense of a series of agreements in which the agreement containing the indemnity clause they seek to enforce is the only agreement that does not contain an arbitration clause. According to ParaTec, this arrangement is sensible because it ensures that a claim for indemnification may be heard in the same forum as the underlying third-party claim. The District Court found this structural argument persuasive. We do not – for at least two

---

[5]Judge Roth would hold that because the LLC Agreement contains explicit language placing it "subject to" the terms of the JVA, disputes under the LLC Agreement must be arbitrated "subject to" the arbitration terms of the JVA. Because we do not so hold, we will assume *arguendo* that the LLC Agreement neither contains nor incorporates any arbitration provisions.

reasons.

First, the parties' agreements do not, as ParaTec suggests, evidence a preference that all claims for indemnification be tried in court. Section 8(b) of the Sales Services Agreement provides for indemnification of Uniroyal by ParaTec, and § 7 of the Share Purchase Agreement provides for indemnification of GIRSA and ParaTec by Crompton.[6] Disputes under both the Sales Services Agreement and the Share Purchase Agreement are subject to arbitration clauses contained in those documents. As such, it is clear that the parties agreed to arbitrate at least some claims for indemnification and did not intend to draw a sharp line between indemnification and other types of claims.

Second, the parties did not demonstrate any preference for claims for indemnification to be heard in the same forum as the underlying third-party claims. The agreements do not guarantee that these claims will be heard in the same forum, nor could they. For example, the court in which the underlying third-party suit was brought might not have jurisdiction to hear the claim for indemnification. Moreover, given that the parties provided for the arbitration of at least some claims for indemnification, we doubt that maintaining a single forum for all claims was a high priority.

Because not every claim for indemnification between Uniroyal/Crompton and ParaTec must be tried in court, we turn to examine the appropriate forum in which to resolve *this* claim for indemnification. Under § 7.5 of the LLC Agreement, ParaTec is entitled to

---

[6]Although ParaTec is not a party to the Share Purchase Agreement, it nonetheless is granted an explicit right to indemnification should it suffer losses due to Crompton's breach of its representations under that agreement.

8

indemnification by Uniroyal and Crompton only if ParaTec can establish that it was made a party to a proceeding in which it incurred expenses by reason of Uniroyal and Crompton's material breach of their representations or covenants under the LLC Agreement or otherwise. In its cross-claim, ParaTec identifies the conduct it believe triggers its right to indemnification. It claims that Uniroyal and Crompton violated antitrust laws, thereby placing them in material beach of their representations and covenants in the LLC Agreement and in each of the Related Agreements. Under ParaTec's pleading, Uniroyal and Crompton's material breach of their representations and covenants under these agreements serves as the basis for ParaTec's right to indemnification.

Thus, to establish its right to indemnification under § 7.5, ParaTec must do more than prove that it suffered losses due to Uniroyal and Crompton's violation of the antitrust laws. It further must prove that these antitrust violations constituted material breaches of the Related Agreements. Each of the Related Agreements requires disputes under it to be arbitrated. Determining whether Uniroyal and Crompton materially breached their representations and covenants under an agreement certainly involves resolving a dispute under that agreement. Thus, the appropriate question is whether a claim must be arbitrated when it arises under an agreement that does not contain an arbitration clause but a necessary element of that claim is breach of covenants under contracts that do require arbitration.

ParaTec frames the issue differently, claiming that where the subject matter of a case *relates to* several contracts, claims *arising under* contracts lacking arbitration provisions are not subject to such clauses incorporated in the parties' other agreements. To support this

proposition, ParaTec cites three cases. In these cases, an arbitration clause found in one agreement was held not to control because the claim at issue was brought pursuant to a different agreement which did not provide for arbitration. See Bouriez v. Carnegie Mellon Univ., 359 F.3d 292, 295 (3d Cir. 2004); E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates S.A.S., 269 F.3d 187, 190-91 (3d Cir. 2001); Industrial Electronics Corp. of Wisconsin v. iPower Distribution Group, Inc., 215 F.3d 677, 680-81 (7th Cir. 2000). None of these cases involved a situation where, as here, a claim arising out of an agreement without an arbitration clause is premised on the breach of an agreement containing an arbitration clause to which both parties are bound. Rather, ParaTec's cases turned on findings that either the arbitration clause was not relevant to the dispute because the claimant was not bound by the agreement containing the arbitration clause, DuPont, 269 F.3d at 194-202; Bouriez, 359 F.3d at 295; or the dispute at issue did not even "relate to" the agreement containing the arbitration clause. Industrial Electronics, 215 F.3d at 680. These cases do not stand for the broader proposition that, whenever the subject matter of a dispute relates to multiple agreements, we must look to only the contract under which indemnification is sought to determine whether the claim is arbitrable.

Indeed, such a proposition is at odds with relevant precedent and the language of the Related Agreements. Even when a claim arises under a contract which contains no arbitration clause, that claim still may be arbitrated when the allegations underlying it "touch matters" covered by an arbitration clause. See Brayman Constr. Corp. v. Home Ins. Co., 319 F.3d 622, 626 (3d Cir. 2003). There can be no doubt – and the parties do not dispute – that

10

a claim for indemnification which is *premised* on breach of the Related Agreements "touches matters" covered by the Related Agreements. Even though this claim technically "arises under" the LLC Agreement, a court cannot consider it without making a determination as to whether Uniroyal and Crompton breached the Related Agreements – a determination which the parties agreed would be made in arbitration. Cf. Industrial Electronics, 215 F.3d at 681 (suggesting that a finding of non-arbitrability was proper because the claims at issue did not require the court to interpret terms subject to an arbitration clause). Given the impossibility of reaching the merits of ParaTec's claim without resolving arbitrable questions, and in light of our responsibility to address "questions of arbitrability . . . with a healthy regard for the federal policy favoring arbitration," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983), we hold that the claim for indemnification is arbitrable under the terms of the Related Agreements.[7]

## B. Claims 2 and 3: Breach of Fiduciary Duty and Breach of Covenant of Good Faith and Fair Dealing

ParaTec contends that Uniroyal and Crompton breached their fiduciary duties and the covenant of good faith and fair dealing. The parties agree that these claims are not brought pursuant to the LLC Agreement,[8] but instead dispute whether they are brought pursuant to

---

[7]Because the arbitration procedures are identical under each of the Related Agreements, we need not determine whether any one agreement's arbitration provisions control.

[8]ParaTec does argue that these claims are "tied to" the LLC Agreement, in that the losses relevant to ParaTec's second and third claims arise from the underlying third-party claims in this action. Because we do not believe that the parties structured their agreements to require differential treatment for suits involving indemnification for third-

any agreement at all.

As to the claim for breach of the covenant of good faith and fair dealing, we need look no further than ParaTec's cross-claim, in which it contends that "Crompton/Uniroyal's contracts with ParaTec imposed on Crompton/Uniroyal a duty of good faith and fair dealing." The term "contracts" refers to some or all of the Related Agreements. ParaTec is claiming that Uniroyal and Crompton did not fulfill their contractual obligations in good faith. We fail to see how such a claim is anything but contractual, and as a claim brought under contracts containing broad arbitration clauses, it must be arbitrated.

As to the claim of breach of fiduciary duty, ParaTec claims that Uniroyal and Crompton owed it fiduciary duties by virtue of their alleged control over ParaTec and that this control was exercised through the Related Agreements, particularly the Sales Services Agreement and the Corporate Services Agreement. According to ParaTec, the Related Agreements were merely elements of a broader joint-venturer–enterprise relationship, and it is from that broader relationship that the relevant fiduciary duties arise. Although it is well established that "[j]oint adventurers . . . owe to one another, while the enterprise continues, the duty of the finest loyalty," Meinhard v. Salmon, 164 N.E. 545, 546 (N.Y. 1928) (Cardozo, C.J.), the notion that a joint venturer owes common law fiduciary duties to the enterprise itself appears to be a novel one. We have found no cases which establish such a

---

party claims, we see no need to address this argument. To the extent that ParaTec claims that Uniroyal and Crompton breached their fiduciary duties and the covenant of good faith and fair dealing by failing to indemnify ParaTec under the LLC Agreement, its claims are arbitrable as premised upon its arbitrable claim for indemnification.

12

duty. We do not expect ParaTec to have presented the merits of its claims at this stage of litigation, but we find suspect its presentation of a novel, unsupported, and undeveloped theory as the means by which it seeks to avoid arbitration.

Nonetheless, we need not decide whether ParaTec's theory exists at common law because we find that the claim for breach of fiduciary duty is identically arbitrable under either theory of the duty's source. If we were to ignore ParaTec's common law theory, then the only possible remaining sources of the fiduciary duties would be the various Related Agreements, which govern ParaTec's relationship with Uniroyal and Crompton. Because each of the Related Agreements requires claims under it to be arbitrated, the claim for breach of fiduciary duty would be arbitrable.

On the other hand, if we were to find that Uniroyal and Crompton's status as joint venturers with GIRSA potentially imposed upon them fiduciary duties to their enterprise (i.e., ParaTec), we would have to look to the JVA in order to understand the nature of the joint venture from which these duties arise. Because the JVA requires all claims that so much as "relate to" it to be arbitrated, the claim for breach of fiduciary duty would be arbitrable. Either path takes us to the same destination – arbitration.

## IV. Conclusion

The District Court erred in holding that each of ParaTec's three cross-claims is not arbitrable. We will vacate the order of the District Court, denying the motion to compel arbitration, and we will remand this case for proceedings consistent with this opinion.

13